[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
 I
This is a land use appeal filed pursuant to General Statutes, Section8-8. The plaintiff, Branford Esplanade, L.P. ("Esplanade") appeals the decision of the defendant, the Planning Zoning Commission of the Town of Branford ("the Commission"), denying Esplanade's "Application to Amend the Zoning Map for the Town of Branford to Create a New Special Development Area and for the Establishment of a Planned Development District", dated May 18, 1999. The plaintiff filed its application CT Page 4742 (#99-54) for certificate of zoning compliance on or about May 19, 1999. An application for review of coastal site plans was also submitted. A public hearing on the said application was held on July 8, 1999. The Commission met on July 22, 1999, to discuss the said application; the meeting continued on September 2, 1999, when the Commission voted (4-1) to deny the application. This appeal followed.
A hearing on the instant appeal was held on January 25, 2001, at which the Court found that the plaintiff was aggrieved for the purposes of standing to pursue this appeal.
 II
The subject property is designated 30-36 Rose Street and Hillside Avenue. Esplanade currently owns and operates an apartment building on the premises, the apartments being elderly housing units. Esplanade proposed to convert the property into a 91 unit assisted living facility. To achieve this goal, the plaintiff applied for the establishment of a Planned Development District pursuant to the Branford Zoning Regulations ("Regulations"), Section 35. The plaintiff sought a change in the Permitted Use provisions of the Regulations (S. 24) to allow for an assisted living facility. The Regulations currently contain no provision for such a use. The subject property is in the Center Business BC District. Pursuant to Regulations, Section 35.8, the Commission may adopt a proposed Planned Development District only after making certain findings.
In its "Resolution", dated September 2, 1999, denying the subject application, the Commission stated its reasons:
"WHEREAS, the Commission finds that the proposed development is inconsistent with the requirements of Section 35.8g [sic] which states: "The streets and drives will be suitable and adequate to accommodate anticipated traffic and projected development intensity will not generate traffic in such amounts as to overload the street system in the area;
"WHEREAS, the Commission finds that the proposed development is inconsistent with housing policies contained in the "Plan of Conservation and Development," adopted January 16, 1997, which policies support the preservation of elderly and affordable housing;
"WHEREAS, the Commission agrees with many of the comments of the Town Center Revitalization Review Board concerning the proposals lack of compatibility with the Town Center;
Where the Commission does state its reasons for a decision the question CT Page 4743 for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations. Irwin v. Planning Zoning Commission, 244 Conn. 619, 629
(citation, quotation marks omitted). The plaintiff argues that none of the reasons given by the Commission are valid. . . . For reasons stated below, the Court is not persuaded and will deny this appeal.
 III
The plaintiff made its application pursuant to Section 35 — Planned Development Districts, of the Branford Zoning Regulations. The plaintiff repeatedly asserts its application was for a special exception. Special exceptions are governed by Regulations, Section 32. It is generally conceded that a commission, when deciding an application for special exception, acts administratively, while a commission, acting on an application to amend the zoning map acts legislatively. A commission acting legislatively is accorded broader discretion than when it acts administratively. Further, when a commission acts in an administrative capacity, the evidence to support a reason given must be substantial.Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 540. The Court concludes that the commission, in denying the application to amend the Zoning Map and Regulations, acted legislatively. Kaufman v. ZoningCommission, 232 Conn. 122, 153. The Court concludes that the Commission properly exercised the discretion vested in it and that there is, in any event, substantial evidence in the record to support the Commission's decision.
 IV
The first reason for denial stated by the Commission is that it finds that "The proposed development is inconsistent with the requirements of Section 35.8g which states: `The streets and drives will be suitable and adequate to accommodate anticipated traffic and projected development intensity will not generate traffic in such amounts as to overload the street system in the area;'." The plaintiff claims that the proposed development is not inconsistent with the requirements of Section 35.8g, claiming substantial evidence in the record, including a traffic report (Return of Record, B-10 C-17) and expert testimony, which demonstrates the project would have minimal impact on traffic and safety. The plaintiff quotes from Bradley v. Inland Wetlands Agency, 28 Conn. App. 48,54: "The agency cannot disregard the only expert evidence on the issue when agency members lack their own expertise or knowledge;" but failed to include the concluding clause of the sentence quoted: "but clearly, non-experts may offer reliable and substantial evidence." Id.(citations omitted). Further, traffic and traffic safety issues are not so esoteric CT Page 4744 as to go beyond the ordinary knowledge of lay folk: "We have in the past permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence, such as traffic congestion and street safety, " Feinson v. Conservation Commission,180 Conn. 421, 427 (citations omitted). In reaching its decision the Commission was entitled to rely on the comments of its experts, Town Planner Rasmussen (Return of Record, A-5, pp. 52-53); Town Engineer Dudley (ROR A-5, pp 54-55); as well as testimony from others, including Peter Panaroni (ROR, A-5, pp. 59-60); John Roche (ROR A-5, pp. 61-62); and James LeDonne (ROR A-5, pp. 80-81), as well as traffic concerns raised by the Town Revitalization review board (ROR C-19). The Court finds there is substantial evidence in the record to support the Commission's first reason for denial.
 V
The second reason given by the Commission for its denial is that "the proposed development is inconsistent with housing policies contained in the "Plan of Conservation and Development' adopted January 16, 1997, which policies support the preservation of elderly and affordable housing;"
The relevant portion of said Plan reads: "4. Policy: Encourage opportunities for affordable and elderly housing through amendment of regulations and support for a more active Town role in facilitating and financially assisting affordable housing as a means of preserving Branford's historic character as an ethnically diverse mixed-income community."(ROR C-13, p. 45).
The plaintiff claims its proposal is in no way inconsistent with said plan. The plaintiff argues that the conversion of its existing elderly apartment units into a like number of elderly assisted living facility units supports the preservation of elderly and affordable housing. The apartment units, the plaintiff claims, even when converted into assisted living facility units, remain elderly housing.
The Commission clearly treats elderly, affordable housing as housing available for independent living and considers the proposed conversion of the existing elderly apartments into assisted living units as depleting the number of affordable elderly housing units available in the Town. The Court finds the Commission's distinction between "affordable and elderly housing" and "assisted living facilities" rational and will not disturb it. The same distinction was maintained by clear implication in the testimony of Ryan (ROR A-5. p. 64); Cheeseman (ROR A-5, p. 65) and LeDonne (ROR A-5. pp. 72-80). The Court finds there is substantial evidence in the record to support the Commission's second reason for CT Page 4745 denial.
 VI
The third reason for denial advanced by the Commission is that it agreed with many of the comments of the Town Center Revitalization Review Board ["the Review Board"] concerning the proposal's lack of compatibility with the Town Center."
The plaintiff argues that the Review Board was not empowered with the authority to advise the Commission and that the Commission's reliance on comments of the Review Board is improper. The plaintiff's claim is without merit.
Under Regulations, S. 35.6.f, the Commission may request: "A statement from any other municipal department or advisory committee whose opinion is deemed appropriate by the Commission." Under S. 19.4 E. of the Branford Code, the Review Board" . . . shall confer with the Planning 
Zoning Commission in connection with any matters related to the revitalization which may require action or consent of said Commission." The Court finds the Review Board was free to submit its comments on the subject application to the Commission and the Commission was free, but not required, to give pertinent comments the weight it chose.
The plaintiff goes on to claim that the comments by the Review Board were not pertinent to the considerations which the Commission was required to apply under the zoning regulations. The Court is not persuaded. In reviewing an application for a Planned Development District the Commission must determine, pursuant to Regulations, S. 35.1.2., if the project "is beneficial to and consistent with the character of the Town and the long range improvement of the neighborhood and consistent with any comprehensive plan of development adopted by the Commission for the Special Development Area." Pursuant to S. 35.8, the Commission "may adopt the Planned Development District thereby amending these Regulations and the Zoning Map, only after the Commission finds, inter alia, that: "c. The Planned Development District and the standards and Basic Development Plans therein will be consistent with any comprehensive plan of development adopted by the Commission for the Special Development Area.
The plaintiff acknowledges that what it is seeking is a change of use of its subject property, from elderly apartment housing catering to older folk able to maintain themselves independently, to an assisted living facility, providing services to older folk unable to maintain themselves independently. It was evident from the plaintiff's presentation to the Commission that these two groups differ in their needs and in the impact CT Page 4746 they would have on the neighborhood. Under Regulations, S. 37 the Review Board is authorized to provide advisory design review to develop creative solutions to, inter alia, "land use and circulation problems . . ." An applicant for special use approval within the Town Center is required to include "A description of the proposed use" . . . "in sufficient detail to allow evaluation of unique requirements or contributions to the Town Center District and compatibility with adjacent uses.
In its submission to the Commission, the Review Board stated that the Town Center "was designed to provide a mix of retail, office, government, worship and residential uses together in a nucleus around the Town Green. The plan was to provide pedestrian access from housing to the retail areas, and to foster economic support of the downtown business area by neighborhood residents." The Review Board considered the subject proposal to run contrary to the goals of Center Revitalization. Such testimony was pertinent and the Commission was entitled to take it into consideration when considering whether the project was consistent with the character of the Town and the long range improvement of the neighborhood. The same is true of such Review Board testimony as: "We do not believe the Center is conducive to the truck traffic and frequent Emergency Vehicle traffic such a facility generates. Further, we believe the Town would have to reconsider certain activities and uses such as the Festival and Musical Concerts on the Green to be sure such a facility was not adversely affected by noise or congestion, or that Emergency Traffic would not be impeded" (ROR C-19). The Commission was entitled to consider such testimony in determining whether the applicant's proposal was compatible with the Town Center. The Court finds that there is substantial evidence in the record to support the third reason given by the Commission for denying the subject application.
 VII
The plaintiff has failed to establish that the defendant Commission, in denying the plaintiff's application, acted illegally, arbitrarily or in abuse of its discretion. Accordingly, the plaintiff's appeal is dismissed and judgment may enter in favor of the defendant, the Planning Zoning Commission of the Town of Branford.
By the Court,
John T. Downey, Judge Trial Referee